Next matter is U.S. v. Erwin. I also want to thank Mr. Keith Pro Bono here, and I don't know who it is at a firm like Kirkland that makes that decision, but please convey the court's thanks for allowing me to work on this case. We couldn't really do our job without the involvement of people who are willing to take these cases pro bono. So thank you very much. Thank you to the clerk's office for contacting me about the appointment. Good morning, Your Honors. Good morning. May it please the court. Counsel Jeff Brandt for Mr. Erwin. If I may. Did you represent him during the plea negotiations? I did not, Your Honor. But that's the right answer to that question. So I was wondering, how can you negotiate that deal and then take an appeal on it? But you saved yourself on that. That's your saving grace. Thanks, Your Honor. If I could reserve five minutes for rebuttal. The court has very pointedly asked for oral argument on two issues, what if any remedy is available to the government if a defendant breaches a plea agreement and whether the rules limiting cross-appeal are jurisdictional. As to remedy, Mr. Erwin submits that if a defendant has breached the plea agreement, the government starts off with, number one, the option to cross-appeal. Number two, to move to dismiss based upon an appeal waiver. Or a third option would be both. Well, didn't our Williams case say that it recognized a lot of what the government is saying, that it's a matter of contract and let's look at the contract. And doesn't the contract here say we can maybe not go back, but we don't have to move for 5K relief. We can actually unravel the whole thing in terms of a remedy. I mean, isn't a remedy sort of in the contract? I would submit that it's not in the contract. The contract says, number one, that Mr. Erwin has waived a right. It does not say Mr. Erwin shall not file a notice of appeal. And, in fact, it does say that the government shall not file a notice of appeal. Appendix page 15, paragraph 9, this office will not file an appeal. The same thing is not there for Mr. Erwin. He waived a right. That's part of the contract. It says, should Christopher Erwin withdraw from or violate any provision of this cooperation agreement or the plea agreement, this office will be released from its obligations under the plea agreement. And Erwin may not withdraw to guilty plea. And it says, including file a motion under 5K1. It's already filed the motion. The remedy in the agreement itself is not, and we'll go back, we'll strike the sentence, we'll have a new sentencing hearing, and this time we won't ask for a 5K1. The government cites. What if it were to go back and the government doesn't say anything about the 5K1? Let the judge decide. Let the judge look at what the plea agreement was, what the defendant had to plea agreement. And the government doesn't have to say anything. They don't have to argue like he broke his plea agreement. The judge is going to see that. And then the court can decide to what extent any reduction because of the 5K1 is no longer required. The judge was clearly chomping at the bit to impose more time here, and was restrained by the agreement of the 5K1. If that goes away, I mean, it's sure as night follows day or day follows night, because you can argue, I guess, that either way, that your client is going to get more time because the judge was not at all happy about being restrained. Yes, Your Honor. I know that the courts issued, directed very limited issues, and I know this is straying from that, but we're first admitting that there's not a breach because he didn't promise not to file a notice of appeal. The government did.  That's a waiver that the government can choose not to enforce, and that this court can set aside for miscarriage of justice. Remember that one by me again. He didn't agree not to file the appeal. He waived his right to file the appeal. Why am I having trouble distinguishing those two things? There's no doubt that there's a very close similarity, but the language of the plea agreement. It's a breach of the treaty note. Yes, Your Honor, but I think we're helped by the fact that the agreement itself says, this office shall not file a notice of appeal. This office shall not appeal. That language is not there for Mr. Irwin. The government's picking the language. It wrote this plea agreement. It did not write Mr. Irwin refuses to file a notice of appeal. It wrote Mr. Irwin waives that right to appeal. There's a reason that this court's case law provides an avenue for defendants to appeal and ask that it find that there was a miscarriage of justice. A defendant cannot find out whether this court thinks there's a miscarriage of justice. I mean, to be clear, the plea agreement, I mean, it does allow certain, I mean, I guess criminal category, I guess you can appeal.  And the government's arguing here that you've actually appealed something you can't, and that's why there's a breach here. So that's what brings us to oral argument. What can we do about it? I mean, do we grant the relief the government's seeking? Well, when it comes to, then to back up to that, when it comes to remedy, we submit that because the government hasn't filed a cross appeal, that this court doesn't have jurisdiction, and that's the second question. What would they appeal from? The district court made no error in their view. So what are they going to appeal from? Well, because the Supreme Court case law says that an appellee cannot seek a remedy, be advantaged on appeal without filing a cross appeal. That doesn't answer the question. What order are they appealing? They're appealing to, I guess, filing a cross appeal to seek a remedy greater than what they have at that time, and that is strike the sentence, vacate the sentence. That's challenging a judgment, the sentence. The sentence is a judgment that the cross appeal would then say, we're challenging that, we're asking to get rid of that judgment order and that sentence, get a new sentencing hearing, and this time not file a 5K1. That's the sentence they asked for. Yeah. They're asking them to appeal in order that they asked the court to impose. Well, and flip side, they're doing that anyway. Isn't that what the government's doing today? They didn't file the motion to dismiss. They didn't file the motion to dismiss, but the relief I'm saying that they would ask for by filing the cross appeal is the same relief the government's asking for today, just without filing the cross appeal. They bring up a whole different argument, which is rather ingenious. They're looking to deter. They don't want to have to keep filing these motions. They want to say, hey, you know what, like a contract, if either side breaches, there could be consequences. What your argument is, is the government shouldn't have any remedy, but your client, you know, the defense always will. I don't think so. I'm submitting that, look, this is a difficult area, the notices of appeal and waivers. And I would say, number one, here's not a case where a defendant promised not to file one. This is one where he waived it, not in the realm of a direct express breach, like the government would have been based upon the language of this plea agreement. That's number one. If we get past that, then we're in the area of cases where somebody's waived it. He turned it around, and he had in his contract promised not to file an appeal. And on appeal, he argued, well, I promised not to file an appeal, but I didn't waive my right to appeal. That's kind of the same. That sounds like a ridiculous argument, but it's the mirror image of the argument that you're making. That's why I'm having trouble distinguishing. I'm sorry. I'm only doing it based upon the language of this plea agreement. If this is a rule of practice rather than jurisdictional, let's assume that for a second. There could be exceptions. It seems to me, I mean, an argument could be made. As a practical matter, how could you file a notice of appeal? As Judge Nygaard pointed out, what are you going to appeal from? And two, how does the government know? The government doesn't know that the defendant at least theoretically breached the agreement until they read your brief, which is well after 30 days after they're able to appeal. So, I mean, they're sort of in a box. They really can't file a notice of appeal at this point. I would respectfully submit that the answer is easy because I don't think we need to make that assumption that it is a rule of practice, a case that the government cited in its brief. Let's assume it is. Okay. Then we're in trouble. Then there is a difficult area, and I think every circuit is dealing with it. Even, you know, Judge Easterbrook is passionate about it in the Seventh, and I think, you know, there's analogy drawn to one of those cases. It starts with a W off the top of my head. I'm not remembering it. But even that case is not analogous because it's not a 5K1 case. But I think, respectfully, the Green Law case makes it easy because I do believe it makes it clear that it is jurisdictional. Quote, this court from its earliest years has recognized that it takes a cross appeal to justify a remedy in favor of appellee. And that's 554 U.S. 244-245. In Green Law, the court just said the sentence should not have been increased. Correct. But on the question of whether this is jurisdictional or practice. We just rely upon contract law. We send the contract. You go back, go to trial, or plead open, and see what happens from there. You can't force them to enter into another plea agreement. My guess is they're not going to go back and buy another used car from your client. They don't want to negotiate with him again. So why not just, okay, you go to trial? Because if your client gets convicted again, he is going to get seriously hurt by this judge. Yes, Your Honor. So why don't we do that? That's rescinding the contract, put parties back in the place they would have been before the breach. Let's assume it's a breach. Even if it's not a breach, we'll view it as a breach and go to trial. I think that would violate Green Law because I think that would allow the government to get a remedy in its favor from which it did not file a cross appeal. Well, I think Green Law, they sort of focused on fair notice. That, hey, you know what? If the Court of Appeals sua sponte does this, you have no fair notice. In this case, I mean, can an argument be made you had fair notice because you had an agreement there that you at least arguably breached? Assuming it's a breach, possibly. Again, we don't believe it is. But assuming it's a breach, possibly. But I do think Green Law solidly came down in favor. Indeed, we noted in more than two centuries of repeatedly endorsing the cross appeal requirement, not a single one of our holdings has ever recognized an exception. That's a great point, yeah. Thank you, Your Honor. Thank you. Good morning. Your Honor, Green Law really has nothing to do with this case. In Green Law, the district court failed to impose a mandatory minimum sentence. And that the government had requested. The defendant then took an appeal from other aspects of the sentence and the government did not cross appeal. Even though under 18 U.S.C. 3742, the statute that authorizes government appeals from illegal sentences would have permitted the government to appeal that portion of the sentence. Here, as Your Honor has pointed out. Can I just ask you one question about Green Law? I mean, the court really did talk about at some length, what is it, section 37. The section that permits the solicitor general to, they made a big deal about how these high officers are the ones who are best equipped to determine where the government's interests lie. I'm quoting from page 248. Does this allow an end run around that section? No, it doesn't, Your Honor. Does it suggest to us to give relief? It doesn't because we couldn't have consulted with the Department of Justice before our time to file a notice of appeal would have expired. What about a motion to dismiss? Do you have to file with, do you have to go through D.C. also? No. No, we can make the decision at the local level to file a motion to dismiss. But here, a motion to dismiss, which we routinely file in most cases, would have basically allowed this defendant to obtain the benefits of the plea agreement without suffering the consequences. And this court said in Williams, and has said over and over again, that that's not how contract law works. And here the contract said, you breach, no 5K. Now, the only way that the contract can be enforced, the only way that this court can make sure that plea agreements, which are a fundamental aspect of our criminal justice system, is to remand this case for resentencing. Green law doesn't prevent you from doing that because in green law, the government could have filed a notice of appeal under 3742, but opted not to, and therefore signaled to the Court of Appeals it wasn't interested in resentencing. Notwithstanding the fact. Obviously here you didn't file one either. We couldn't have filed, Your Honor. There was nothing for us to appeal from until the defendant filed his brief, which breached the plea agreement. He could have, when we got his notice of appeal, as in all notices of appeal, there's no statement of the claims that the defendant's going to make. I was in the district attorney's office in Philadelphia for many years, and there when someone files a notice of appeal, they have to issue a statement of what they're going to appeal from. But that's not required here. It's not in the record, but I don't think my opponent would disagree with me. He and I had lengthy discussions about the problem with the appeal in this case and whether it would violate the appeals waiver provision. But those discussions didn't end until the day before the brief was filed. So we were hoping not to have to trouble the court at all with a motion to dismiss and that this appeal would simply go away. So you're advocating for us to say this is a rule of law, and as your adversary points out, create an exception, the first exception 200 years to the filing a notice of appeal rule. No, I don't think you have to do that, Your Honor. I think what you can do, the way the court clearly has jurisdiction here, is under 18 U.S.C. 2106. Now, that is a statute that says that the court can, among other things, it can dispose of the case in any manner which serves the interests of justice. Now, 2106 was brought to the attention of the Supreme Court in green law. And in green law, remember, the governments agreed with the petitioner and said that you couldn't, that the Court of Appeals could not increase the sentence on its own initiative sua sponte, that a cross-appeal was required in those circumstances. And the Supreme Court had appointed another attorney to represent the opposing viewpoint since the government wasn't taking issue with the defendant. But the Supreme Court said 2106 didn't apply in green law because there is this procedure established by Congress in Section 3742 where the government takes an appeal from an adverse decision by the district court. And as Judge Nygaard pointed out, there's nothing for the court to appeal from when the sentence was imposed because the judge gave exactly what the government asked for. And there's a decision from this court in 1994 called Dolenk v. Love. And it's cited at 40 F. 3rd, 656. Judge McKee was on the panel in that case. It was an opinion by Judge Pollack. And Judge Pollack pointed out the prevailing party rule, which is normally a party cannot appeal from a judgment in its favor. And that's exactly what we got here. We asked Judge Wolfson to depart to a particular range. She did. We asked her to impose a particular sentence within that range. She did. And when the defendant filed his notice of appeal, we had no basis to file a cross-appeal. If we had filed a notice of a cross-appeal at that point under 3742, we would have been subject to a motion to dismiss our appeal under the prevailing party rule. But you could have filed a motion to dismiss. We could have, Your Honor. But if we did that, then we are back here filing motions to dismiss on all these cases where defendants are breaching their plea agreements after obtaining a substantial benefit from a 5K. That's why this case is different from the normal case where we file a motion to dismiss, because the defendant did get a substantial benefit in return for the appeals waiver that the defendant got here. It's only in these cases, and we've handled about 13 of these cases in the past few years, where a person has signed a cooperation agreement, received a substantial assistance departure, and then gone ahead and violated the appeals waiver. In most of those cases, when we bring the appeals waiver to the attention of the attorney and we cite this Court's decision in Mabry, those attorneys withdraw the appeal, because they realize that they're potentially subject to resentencing without the government's 5K motion, and the defendant's going to be a lot worse off, as Judge McKee pointed out, if the government doesn't move for substantial assistance. Now, apparently, Mabry wasn't sufficient to dissuade all criminal defendants or their attorneys from persisting with an appeal in the face of the appeals waiver. Why not just rescind the contract? Well, that's what we suggest we would be doing in effect. If we went back, if you remand this case for resentencing. That's different, though. We rescind, his guilty plea goes away, and he has that option. No, Your Honor, he can't. Under the Hallahan case, which I cited in my 28-J letter yesterday, the plea agreement was written specifically to address that problem, and it said that if the defendant breaches the plea agreement, the government is relieved. I'm sorry, the cooperation agreement is written. It says if the defendant breaches the plea agreement, the defendant is not entitled to a substantial assistance departure, but the defendant may not withdraw his guilty plea. But that's not binding on the Court, though. It's a contract matter. It's not binding on us. It looks like, on its face, the government is having its cake and eating it, too, but Hallahan said that's the way the contract is negotiated, and that's what it means. The defendant has already gotten substantial benefits by negotiating this plea agreement apart from the 5K. We only charged him with a single count of conspiracy to traffic methamphetamine. He engaged in innumerable substantive drug trafficking offenses, which would have increased his potential maximum sentences several folds. So there was already charged bargaining built into this plea agreement. But that's why it seems like, looking at this through an equitable lens, that maybe the best thing to do is simply to put the parties where they were, rescind the contract. He goes back, he goes to trial, and he pleads open. I don't know how the government loses it unless you're substantial representing the case can be retried, and I don't want you to comment on that. No, I'm not representing that, Your Honor. And the reason why that's not the most equitable solution is because then the government is required to take what, for it, is a more onerous remedy, even though it's the non-breaching party. Well, what do you mean onerous? I'm reading the TV show, obviously, and assuming that he's going to plead open and not go to trial. Well, I don't know whether he will or not. He's confessed to this crime. I'd agree there wouldn't be a very difficult trial to prevail on. But we don't want to impose, you know, additional years on this defendant. All we want from this court in this case is a statement and a precedential opinion that when the defendant breaches his plea agreement by violating the appeals waiver, he subjects himself to risk of resentencing and an additional time on a sentence. Now, we're not going to ask Judge Wilson. We did that in Williams, didn't we? Well, Williams was a case where we simply filed a motion to remand the case for resentencing. That was a government appeal. That's the difference. The defendant breached the plea agreement by asking for departures that he agreed to forego. Can I ask, I want to roll back for a minute. Are you saying that we don't have to deal with the issue of whether a notice, a cross appeal needed to be filed at all? That's right, Your Honor. You know, you can easily distinguish green law as a case where the government had the opportunity to file a cross notice of appeal under 3742 because the sentence when it was issued was illegal. The sentencing judge in that case failed to impose a mandatory minimum sentence. And that wasn't the case here. We had 30 days from the issuance of the sentence to file a cross notice of appeal. And within those 30 days, nothing happened that we could have cross appealed from. One other thing. Is there a mechanism in criminal law, kind of an analog to Rule 60, where after the fact, I mean, I'm a little concerned that it seems maybe a district court would be in a better position to say there was a breach and here's an appropriate remedy rather than us in the first instance. Is there some sort of analog to Rule 60 in criminal court where you could go back and say, Your Honor, there was a breach, we need a remedy, and let's, you know, let's talk? Not that I'm aware of, Your Honor. Rule 35 allows for the government to file a motion in the district court to change the sentence, but only to reduce the sentence for post-sentencing cooperation. So I don't believe that there is an analog. And that's why we've brought this case. I'd like to, Judge, I guess, also point out that in green law, the court pointed out that the cross appeal rule was meant to satisfy three purposes. One was notice to the defendant, two was the party representation rule, and three was finality. Well, two of those purposes are satisfied here. The defendant had abundant notice that if he persisted with this appeal, we would seek resentencing and an increased sentence. And the party representation rule is satisfied because I'm standing in front of Your Honors right now asking for you to remand the case for resentencing. And the defendant — The change of .1, that's in the plea agreement, right? Correct. Well, the cooperation and the plea agreement are integrated. So it's a single agreement. Unless the court has any questions, that concludes my argument. Judge McKay, I hope you didn't mistake me for Richard Goldberg, because he would be deeply offended if he heard that. He has a little more hair than you do. He does. Thank you. Thank you, Mr. Groves. Thank you, Your Honors. With respect to Mr. Groves, I think Greenlaw has everything to do with this case. I think that any distinguishing fact is not material to the question of can an appellee obtain relief, a result in its favor, without having filed the cross-appeal. Of course this allows an end run if the government is allowed to obtain an advantage without having filed that cross-appeal. If this is how contract law works, why do we have the miscarriage of justice exception for defendants? If we were to interpret the clause, the brief provision, I'll call it, in the agreement as covering this situation, the language I read to you earlier, it says should Erwin withdraw from or violate any provision of this cooperation agreement or plea agreement, this office shall be released from its obligations, including any obligations to file a 5K1. I understand your point at this point. He's already filed the 5K1. But if we look at this through equitable contract principles, that's not a problem to deal with. And then it says, but Christopher Erwin may not withdraw the guilty plea. Both parties have the right to oppose or move to dismiss the appeal. I guess you could argue that by not moving to dismiss the appeal, that they have waived the provisions of that agreement. But why, if we're just, and that's one of the problems I have with looking at plea agreements in terms of traditional contract law, if it's a log 30, if that's how we read them, why don't we just enforce that provision? Again, assuming we disagree with you about the distinction between withdrawing and violating. Number one, it's not a violation. Number two, it's, in overall, I don't think we get to that point. I don't think this is a contract law case when not a single case cited in any of the briefs stand for the proposition that once the 5K1 has been imposed, as the reduction has happened, that the government can go back and take it away. Every single one of those cases. That's exactly why he wants a presidential opinion. And are we going to put a presidential opinion? Is this going to be the one case that arguably in 200 years allows someone to get relief when they didn't file a cross appeal when the government didn't file also a motion to dismiss? Is this that one case when this plea agreement language says it's the government that should not file the notice of appeal and that Mr. Irwin has. Are you familiar with Section 2106 that the government, the government says we don't even have to get to that issue, rely on that statute. Do you have a response to that? Although, yes, familiar, although certainly not an expert. I think the answer is no. This is what 3742B is about. This is what Green Law is talking about. Are we going to, the notice is, hey, the government filed a cross appeal. Now you know. And this is right in, this is the language of Green Law. That's the notice. You file a notice of appeal, you're seeking relief. The government files a cross appeal. You now know they're seeking more time. Now negotiate. My opponent's correct. We had discussions leading up to the filing of the opening brief. My purpose in those discussions was please don't seek to enforce the waiver. This is an important enough issue. I've also got this issue in the Fifth Circuit. Wouldn't it be nice to have an opinion on the merits? The government didn't feel that it wanted an opinion on the merits. It wanted to enforce the appeal waiver, but, again, didn't file a motion to dismiss. Well, Mr. Gross's argument is that, and I assume that this is on the record, it's been represented to us, they couldn't really file a motion to dismiss. And it does make sense. If they file a motion to dismiss, he's saying, I'm sure he'll correct me if I'm wrong, that then your client has it both ways, that he agreed not to take an appeal, yet he takes the appeal. They step back and say, okay, you took the appeal, but there's no remedy for having violated it. He was saying he didn't violate it. I'll get over that for the purposes of answering Your Honor's question. In the Fourth, in the Seventh, and in the Tenth, in the past 12 to 18 months, motions to dismiss are filed by the government. My response is a memorandum in opposition saying we're outside the appeal waiver because here's the issue we're going to raise on appeal, and that falls outside the terms. Or this was an unknowing and involuntary plea, so let us get to the merits. That's clearly not being argued here. It was involuntary. I'm just giving Your Honor an example of, okay, he's saying he could not file the motion to dismiss. The government's filing a motion to dismiss in cases like this and other circuits. He's not saying he couldn't file it. He's saying he could file it. He could file it, and they're filing it. If a breach has occurred, then there's no remedy for the breach. That's his concern. And my point is the government can't say it can't file a motion to dismiss when it's doing it in other circuits. Okay, we're talking about that. I'm sorry. We're both trying to figure out what Mr. Gross is saying. I thought he was saying it would make some sense. Yeah, he could file it, but what's the point? Because if your client has agreed not to appeal, and then something happens, which we'll assume for a second is a violation of that agreement, and there's no remedy for that, well, then what's the point of having these? Well, you put them in the agreements. The defendants will go ahead and take the appeal. There will be no risk to it. The worst that will happen is there will be a motion for the government to dismiss the appeal, but nothing happens to the defendant, and so the government is stuck with a 5K1 motion. They filed partly on the assumption that there would be an Orrin appeal. There is an appeal. They're still stuck with a 5K1 motion. It's particularly egregious here when Mr. Orrin is somebody who got over, if you will, by diming out everybody that worked under him, gets a sentence the judge was not happy with because it was less than the judge wanted to impose, all in part based upon an agreement that he would not take an appeal, takes the appeal, and your suggestion is, okay, so move to dismiss. The appeal is dismissed, but all that other bad stuff has already happened, and he can't get that toothpaste back in the tube. That's the quandary that I think we're in and that Mr. Gross at least is arguing that we're in. And I think several of the circuits are dealing with that, and I think this is certainly not the case to set a presidential opinion based upon the facts here and what we've argued to go the other way. There needs to be resolution, but I don't think this is the case to set that. Thank you. Thank you. Mr. Graham, Mr. Gross, thank you very much for your helpful arguments.